# NO. 12-10-00013-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRANCE THACKER,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Terrance Thacker appeals his conviction for possession of cocaine. In two issues, Appellant argues that the evidence is legally and factually insufficient to support his conviction. We affirm.

### BACKGROUND

Sheriff's deputies in Cherokee County were watching two separate, but near to one another, residences because they suspected the occupants were selling drugs. They observed Heath Cox walking in the vicinity of the residences and arrested him for the offense of walking on the wrong side of the roadway. After being advised of his constitutional rights, Cox told the officers that he had purchased crack cocaine from Appellant at one of the residences.

Based on that statement, the officers sought and obtained search warrants for the two residences. In a bedroom at one of the residences, located at 139 Deckard Street, the police found a box that contained Appellant's social security card and driver's license or identification card, his wallet, Cox's wallet, ninety dollars in U.S. currency, and a small amount of cocaine. The police also recovered from the bedroom a spiral bound notebook, which included a page that appeared to be a record of a drug selling operation.

A Cherokee County grand jury indicted Appellant for the felony offense of possession of cocaine, alleging that he possessed less than a gram of cocaine.[1] Appellant pleaded not guilty, and a trial was held. At trial, officers testified that they had seen

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 2010).

Appellant in the area and that the water district's records reflected that he lived at 139 Deckard Street. Appellant's girlfriend testified that he was present when the police served the search warrant and that he stayed at the home with her "a lot." She testified that the cocaine was hers, and that she had Appellant's identification because the two were in the process of preparing to marry. She testified that she had Cox's wallet because he had bought cocaine from her and he owed her money.

The jury found Appellant guilty as charged. Following a sentencing hearing, the jury assessed a sentence of confinement for two years in a state jail. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In two issues, Appellant argues that the evidence is insufficient to show that he possessed cocaine.

**Standard of Review**

While this appeal was pending, the Court of Criminal Appeals held that appellate courts were to review the sufficiency of the evidence in a criminal case using only the legal sufficiency standard. *See Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *2 (Tex. Crim. App. Oct. 6, 2010) (plurality opinion); 2010 Tex. Crim. App. LEXIS 1240, at *59 (Cochran, J., concurring). Accordingly, we will review Appellant's challenge to the sufficiency of the evidence under the well established standard for legal sufficiency. *See Brooks*, 2010 Tex. Crim. App. LEXIS 1240, at *2 (plurality opinion) ("It bears emphasizing that a rigorous and proper application of the *Jackson v. Virginia* legal-sufficiency standard is as exacting a standard as any factual-sufficiency standard (especially one that is 'barely distinguishable' or indistinguishable from a *Jackson v. Virginia* legal-sufficiency standard).").

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brooks*, 2010 Tex. Crim. App. LEXIS 1240, at *14 (citing *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by

reevaluating the weight and credibility of the evidence. *Id*, 2010 Tex. Crim. App. LEXIS 1240, at *15; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *Brooks*, 2010 Tex. Crim. App. LEXIS 1240, at *15–16. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

## Applicable Law

As alleged in the indictment, the State was required to prove that Appellant intentionally or knowingly possessed cocaine in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a) (Vernon 2010); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). Possession means "actual care, custody, control, or management" of an item. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 2010). The evidence used to prove possession can be either direct or circumstantial. *Brown*, 911 S.W.2d at 747.

When the proof is circumstantial, the state must establish that the accused's connection to the substance was more than just fortuitous. *Id*. In the past, courts have held that there must be additional independent facts and circumstances that affirmatively link the accused to the contraband when he does not possess it on his person. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). In *Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006), the court of criminal appeals restated the proper method to analyze the sufficiency of the evidence in cases where possession of an item is illegal. The court acknowledged what had been called an "affirmative links" test, but held that circumstantial evidence of possession could be sufficient evidence to connect a defendant to the actual care, custody, control or management of contraband when the "logical force of the circumstantial evidence, not the number of links" supported the jury's verdict. *Id*. at 163 n.12, 166. In that case, the court noted that the jury had already engaged in a weight of evidence determination–one which likely included an analysis of links between a defendant and the drugs–and that under "federal and Texas law, juries trump both trial and appellate judges on weight-of-evidence determinations." *Id*. at 164.

## Analysis

With respect to the legal sufficiency of the evidence, Appellant argues that there are no "links" connecting him to the cocaine other than "miscellaneous personal items" of his that were found with the cocaine.

However, there was more evidence that Appellant exercised care, control, or custody of the cocaine. Specifically, the jury could have concluded that Appellant lived at the house, or at least that he regularly stayed at the house, and that the bedroom in which the cocaine was found was his bedroom. One of the officers testified, without objection, that the water district records reflected that Appellant lived at the home. That officer also testified that he had seen Appellant in the vicinity of the home. Another officer testified that Heath Cox told her that he had purchased cocaine from Appellant at Appellant's residence. Within the bedroom where the cocaine was found, the police found men's clothing and shoes and a golden, removable piece of mouth jewelry. Finally, Appellant's girlfriend testified that Appellant stayed at the home "a lot" and that he was present when the police served the search warrant.

If the jury concluded that the bedroom in which the cocaine was found was, practically speaking, Appellant's bedroom, it could also conclude that the records of drug transactions in the spiral notebook belonged to Appellant. Coupled with the testimony about Cox's statements and the fact that Appellant's wallet was found in the same box with the cocaine, the jury could conclude that Appellant controlled the bedroom and the box within it. Therefore, the jury could rationally conclude that he possessed the cocaine along with his wallet and identification.

In assessing the sufficiency of the evidence, the power of the circumstantial evidence, if it is present, is in the orchestration of several factors and the logical force they have in combination. *See* **Young v. State**, 242 S.W.3d 192, 197 (Tex. App.–Tyler 2007, no pet.). The fact that the drugs were found in Appellant's bedroom, and in a box in which he kept other things that were important to him, coupled with testimony that he had sold drugs to Cox and the evidence that he was engaged in the drug trade, all combine in a way that allows the inference that Appellant possessed the cocaine.

On the other hand, the inference that Appellant possessed the cocaine is not the only conclusion the jury could have reached in this case. The most powerful evidence against the jury's verdict is Appellant's girlfriend's testimony that it was her cocaine. She was also able to offer an explanation as to why she had Appellant's wallet and identification. The jury necessarily rejected her assertion of sole possession of the cocaine to reach their conclusion that Appellant possessed the cocaine. In part, this may

have been due to the fact that she did not alert law enforcement to this issue during the seven months Appellant was in custody awaiting trial. It may also have been as a result of the jury's assessment of her credibility as a witness generally. It is for the jury to assess the weight of Appellant's girlfriend's testimony. *See*, *e.g.*, ***Fuentes v. State***, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) ("[T]he jury, as the trier of fact, is the sole judge of the credibility of the witnesses and of the strength of the evidence."). The jury rejected her testimony that she was the sole possessor of the cocaine. We must give great deference to jury determinations concerning the weight of the evidence and the credibility of the witnesses. *See **Johnson v. State***, 23 S.W.3d 1, 14 (Tex. Crim. App. 2000).

There was no other evidence directly contrary to the verdict, but the evidence generally is not overwhelming as to Appellant's guilt. Nevertheless, the police found the cocaine in a room over which Appellant exercised control and in a location where he kept other personal items. Accordingly, after reviewing all of the evidence in a light most favorable to the verdict, we conclude that a rational jury could conclude, beyond a reasonable doubt, that Appellant exercised care, control, and custody of the cocaine found along with his wallet and identification. We overrule Appellant's first issue and second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered October 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)